IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DOUGLAS McELVEEN,<br>Petitioner,<br>vs.<br>CALIFORNIA DEP'T OF CORRECTIONS & REHABILITATION,<br>Respondent. | No. C 09-1846 CRB (PR)<br>ORDER TO SHOW CAUSE<br>(Doc # 2) |

Petitioner, a state prisoner currently on parole, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. He also seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

**BACKGROUND**

Petitioner was convicted by a jury in Marin County Superior Court of felony petty theft with a prior and misdemeanor battery. On February 26, 2007, he was sentenced to two years in state prison. Petitioner's probation in another case was also revoked, but the court ruled that the remaining sentence be served concurrently with the two-year sentence for the petty theft and battery.

Petitioner unsuccessfully appealed his conviction and sentence to the California Court of Appeal and the Supreme Court of California, which on August 27, 2008 denied review of a petition raising the claims raised here

**DISCUSSION**

A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B. Claims

Petitioner seeks federal habeas corpus relief by raising the following claims: (1) denial of federal constitutional right to be present during all critical phases of his trial when the trial court allowed a jury readback to occur outside his presence; (2) denial of federal constitutional right to notice of allegation upon which probation was revoked; and (3) denial of federal due process and equal protection rights as a result of the trial court's failure to award pre-sentence custody credits. Liberally construed, the claims appear colorable under § 2254 and merit an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

/

/

/

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed in forma pauperis (doc # 2) is GRANTED.

2. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

/

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

SO ORDERED.

DATED: 8/7/09

CHARLES R. BREYER
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

THOMAS DOUGLAS MCELVEEN,

Plaintiff,

v.

PEOPLE OF THE STATE OF CALIFORNIA et al,

Defendant.
_______________________________________/

Case Number: CV09-01846 CRB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 7, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Thomas D. McElveen
795 Willow Rd., #347 A
Menlo Park, CA 94025

Dated: August 7, 2009

Richard W. Wieking, Clerk
By: T. De Martini, Deputy Clerk