```
 1
 2
 3
 4
 5
 6                    IN THE UNITED STATES DISTRICT COURT
 7                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
 8
 9    THOMAS DOUGLAS McELVEEN,        )
                                      )
10              Petitioner,           )    No. C 09-1846 CRB (PR)
                                      )
11         vs.                        )    ORDER  DENYING
                                      )    PETITION FOR A WRIT OF
12    CALIFORNIA DEPARTMENT OF        )    HABEAS CORPUS
      CORRECTIONS &                   )
13    REHABILITATION,                 )
                                      )
14              Respondent.           )
                                      )
15
```

16    Petitioner, a former California state prisoner, seeks a writ of habeas corpus

17 under 28 U.S.C. § 2254 challenging a conviction, probation revocation and

18 sentence from Marin County Superior Court. For the reasons set forth below, a

19 writ of habeas corpus will be denied.

## STATEMENT OF THE CASE

21    On January 26, 2007, a jury convicted petitioner of committing felony

22 petty theft with a prior (Cal. Pen. Code § 666) and misdemeanor battery (Cal.

23 Pen. Code § 242). On February 26, 2007, he was sentenced to two years in state

24 prison. Petitioner's probation in another case was also revoked and terminated.

25    Petitioner unsuccessfully appealed his conviction and sentence to the

26 California Court of Appeal and the Supreme Court of California, which on

27 August 27, 2008 denied review of a petition raising one of the claims raised here.

28 Petitioner did not seek further review from the state courts.

On April 28, 2009, petitioner filed a petition for a writ of habeas corpus under § 2254 in this court. The court found that the petition appeared to state cognizable claims under § 2254, when liberally construed, and ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent filed an answer to the order to show cause. Petitioner did not file a traverse.

## STATEMENT OF THE FACTS

The California Court of Appeal summarized the facts of the case as follows:

> Walter Henriquez, a security guard at the Safeway grocery store in Mill Valley, was on duty in plain clothes on October 28, 2006. He saw defendant place a bottle of laundry detergent and a package of hair dye into his shopping cart and exit the store without paying for the items. Henriquez confronted defendant in the parking lot and accompanied him back to the store. Once inside the store, defendant pushed his shopping cart aside and attempted to leave. Henriquez tried to detain defendant and a struggle ensued, during which defendant struck Henriquez several times. Another security guard and two paramedics who were in the store helped Henriquez subdue defendant so Henriquez could place him in handcuffs. The items defendant took from the store were valued at $31.87.

People v. McElveen, No. A117485, 2008 WL 2445499, at **1 (Cal. Ct. App. June 18, 2008).

## STANDARD OF REVIEW

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

2

Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

"[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Id. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003). While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent, only the Supreme Court's holdings are binding on the state courts and only those holdings need be "reasonably" applied. Id.

3

A petition for a writ of habeas corpus may not be granted unless the petitioner has exhausted state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim he seeks to raise in federal court. 28 U.S.C. § 2254(b)-(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982). But a petition may be denied on the merits even if unexhausted. 28 U.S.C. § 2254(b)(2).

## CLAIMS & ANALYSIS

Petitioner raises three claims for relief under § 2254: (1) denial of his federal constitutional right to be present during all critical phases of trial when the trial court allowed a jury "readback" outside his presence; (2) denial of his federal constitutional right to notice of the allegation upon which probation was revoked; and (3) denial of his federal due process and equal protection rights as a result of the trial court's failure to award pre-sentencing custody credits.

1. Jury Readback

Petitioner claims that he was denied his federal constitutional right to be present at all critical phases of trial when the trial court allowed a jury readback outside of his presence. The claim is exhausted because petitioner included it in his petition for direct review to the Supreme Court of California.

The California Court of Appeal rejected petitioner's claim for lack of merit, explaining:

> Defendant contends his absence from the readback of testimony to the jury was in violation of his federal constitutional right to be present at all critical stages of trial. Defendant asserts his presence was critical because the court allowed the entire prosecution case to be repeated through the readback without an opportunity for [him] to gauge the propriety of the readback so as to ensure fairness. We reject defendant's negative characterization of the trial court's careful handling of the readback and find no violation of his constitutional rights in the procedure adopted and agreed to by him and counsel.
>
> . . . .

4

> Patently, defendant's Sixth Amendment rights were not violated by a readback of testimony because his opportunity to cross-examine had been fully satisfied during the witnesses' live testimony, which was not altered or added to during the readback. Regarding his due process claims, we first note that the [Supreme Court of the United States] has not addressed the issue of whether a readback is a critical stage of trial. However, our own Supreme Court has on several occasions rebuffed the notion that a defendant's presence is required at a readback of testimony under considerations of due process. . . .
>
> Here, we conclude defendant has failed to establish that a fair and just hearing was thwarted by his absence at the readback of testimony. First, defendant, as well as his counsel, expressly agreed in open court to forego their presence during the readback of the testimony. In addition, the trial court, after consulting with defendant and his counsel, carefully admonished the court reporter to readback only admissible testimony and to omit questions to which an objection was sustained and not to read any testimony there was a motion to strike granted on. Also, the readback was limited to the key prosecution witness and the key defense witness. Accordingly, defendant suffered no deprivation of the due process right[] . . . to be present at a critical phase of the trial.

McElveen, 2008 WL 2445499, at **4-5 (citations, internal quotations and footnotes omitted).

The Ninth Circuit has held that criminal defendants have a constitutional right to be present at jury readbacks. La Crosse v. Kernan, 244 F.3d 702, 707-08 (9th Cir. 2001) (citing Hegler v. Borg, 50 F.3d 1472 (9th Cir. 1995), and United States v. Kupau, 781 F.2d 740 (9th Cir. 1986)). However, the Supreme Court has never adopted La Crosse's analysis. Consequently, it cannot be said that a state court's rejection of such a claim "was contrary to or an unreasonable application of clearly established federal law" under 28 U.S.C. § 2254(d)(1). Moreover, the record makes clear that petitioner waived his right to be present at the readback voluntarily, knowingly, intelligently, with the assistance of counsel, and with clear information on how the readback would be conducted. See Campbell v. Wood, 18 F.3d 662, 671 (9th Cir. 1994) (en banc) (defendant can waive right to

personal presence provided he does so voluntarily, knowingly and intelligently).[1] Petitioner is not entitled to federal habeas relief on his claim that he was denied his right to be present during all critical phases of trial when the trial court allowed a jury readback outside his presence.

   2.   Revocation of Probation

Petitioner claims that he was denied his federal constitutional right to notice of the allegation upon which his probation was revoked. The claim is unexhausted because petitioner never presented it to the Supreme Court of California. It is clearly without merit, however.

The California Court of Appeal rejected petitioner's claim for lack of merit. It summarized and responded to his argument as follows:

> Defendant contends the trial court abused its discretion in sustaining the petition for revocation of probation because there was no evidence that appellant violated the conditions alleged in the petition to revoke probation. Defendant notes that the petition for revocation filed by the probation officer on December 4, 2006 alleged he had violated probation by failing to report regularly as directed by the probation officer, testing positive for cocaine and failing to enroll in a batterer's treatment program. Defendant asserts there was no evidence presented on these alleged violations and therefore the trial court abused its discretion by amending the petition sub silentio to permit revocation for failure to live a law abiding life on the basis of his current offenses. Defendant further contends he was denied his federal due process right to notice of the charge of failing to be a law-abiding citizen as a basis for revocation of probation.
>
> The procedural limits "on the revocation of the conditional liberty created by probation" imposed by the Due Process Clause of the Fourteenth Amendment are as follows: "[A] final revocation of probation must be preceded by a hearing. The probationer is entitled to written notice of the claimed violations of his probation;

---

[1] Had there been no knowing waiver, of course, the result might be different. The Ninth Circuit held in Fisher v. Roe, 263 F.3d 906, 916-917 (9th Cir. 2001), that where neither defendant nor counsel were present and were not notified of a readback, a state court's rejection of a federal claim may be an unreasonable application of Supreme Court precedent that defendant is entitled to be present at critical stages of trial. See id. at 914-17. That is not what happened here.

6

disclosure of the evidence against him; an opportunity to be heard in person and to present witnesses and documentary evidence; a neutral hearing body; and a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation. [Citation.] The probationer is also entitled to cross-examine adverse witnesses, unless the hearing body specifically finds good cause for not allowing confrontation. Finally, the probationer has a right to assistance of counsel in some circumstances." (Black v. Romano, (1985) 471 U.S. 606, 610, 611-12.)  These procedures "protect the defendant against revocation of probation in a constitutionally unfair manner." (Id. at p. 613.)

The record reflects that defendant received not only adequate notice of the basis for revocation but also the full panoply of procedural protections noted above. On March 17, 2008 we granted respondent's motion to augment the record with a petition for revocation of probation in case number SC133009A filed by the district attorney's office on October 30, 2006.  The sole basis alleged in the district attorney's petition for revocation of probation was defendant's failure to lead a law abiding life due to his current offense of committing petty theft with a prior on October 28, 2006. The petition states that arraignment on the petition is set for October 30, 2006, at 1:30 p.m., and indicates a copy of the petition was sent to defendant.

Defendant, however, asserts respondent has failed to demonstrate he was provided adequate and proper notice of the law-abiding citizen violation.  That assertion finds no support in the record. First, we take judicial notice of the docket in Superior Court in Case No. SC133009A obtained on the court's own motion from the clerk's office of the Marin County Superior Court.  The docket shows that defendant was arraigned on the district attorney's petition on October 30, 2006, and that he appeared with counsel on November, 2 2006, and denied the allegations of the petition.

If that alone was not enough to demonstrate adequate notice, the record shows the parties knew a petition to revoke had been filed by the district attorney as well as by the probation department. Thus, when defendant appeared on December 6, 2006, for a bail hearing, arraignment on the information, and arraignment on the petition, to revoke filed by the probation department on December 4, 2006, the trial court referred to the December 4 petitions as the "<u>newly filed probation</u> petitions." The court state[d]: "My thought, Counsel, would be as to the <u>People's petitions</u> that are filed . . . which appear to me to be <u>essentially the same allegations as the trial issues</u>, those could be heard contemporaneous[ly] . . . with the trial subject to any additional evidence either side may wish to present.  Is that agreeable?" After conferring with defendant, defense counsel requested that "as to the <u>probation petitions</u>, we would ask that those trail." The trial court concurred, noting "they involve different allegations," but added, "But <u>the People's petitions on the same subject as the trial should be heard, I believe,</u>

7

|   |   |
|---|---|
| 1 | contemporaneous with the trial . . . ." Defense counsel agreed. |
| 2 | In addition, on the morning trial court commenced, the court reminded defendant that "the District Attorney is basing the violations on the same evidence that's going to be presented here at trial." Once more, after the jury had been discharged, the court told defendant it was "not proceeding on the failure to enroll in the program or the testing. We don't have anything on that." In sum, the record demonstrates defendant had notice of the basis for revocation and therefore the trial court did not abuse its discretion in revoking probation for defendant's failure to lead a law abiding life. Accordingly, defendant's related constitutional due process claim also fails. |

McElveen, 2008 WL 2445499, at **5-6 (emphasis in original).

Before probation may be revoked, a probationer has a due process right to: (1) written notice of the claimed violations; (2) disclosure to the probationer of the evidence against him; (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) confront and cross-examine adverse witnesses; (5) a neutral and detached hearing body; and (6) a written statement as to the evidence relied upon and reasons for revoking probation. Gagnon v. Scarpelli, 411 U.S. 778, 786 (1973).

The California Court of Appeal reasonably rejected petitioner's due process claim because the record shows petitioner was provided the procedural protections guaranteed a probationer facing a petition to revoke. See 28 U.S.C. § 2254(d); Gagnon, 411 U.S. at 786. Petitioner appeared with counsel at arraignments on the district attorney's and the probation department's separate petitions to revoke his probation. The trial court informed petitioner that it would only proceed on the district attorney's petition to revoke for failure to lead a law-abiding life and that his trial on the petty theft and battery charges would simultaneously serve as the evidentiary hearing on the probation violation. No evidentiary hearing was held on the probation department's petition because it was rendered moot by petitioner's conviction for petty theft and battery, which by

default proved his failure to lead a law-abiding life violation. Petitioner knew that the evidence presented at his trial was also the evidence presented as proof of his failure to lead a law-abiding life probation violation, and he had opportunity to cross-examine adverse witnesses, introduce evidence, call witnesses in his favor and present his defense in front of a neutral body. Petitioner is not entitled to federal habeas relief on his claim that he was denied due process in connection with the revocation of his probation. See 28 U.S.C. § 2254(d).

### 3. Pre-sentencing Custody Credits

Petitioner claims that he was denied due process when the trial court did not award him pre-sentencing custody credits on his probation violation conviction. The claim is unexhausted because petitioner did not present it to the Supreme Court of California. It is clearly without merit, however.

The California Court of Appeal rejected petitioner's claim as follows:

> Defendant states that at the sentencing hearing in case number SC133009A, the trial court placed him on probation on condition, inter alia, that he serve 60 days in county jail and participate in a residential treatment program. Defendant contends that the trial court should have awarded custody credits for those 60 days he spent in county jail, as well as credits for time he spent in a residential treatment program, against the term imposed in case number SC133009A for violation of probation.
>
> Credit for time served is governed by section 2900.5, which provides that "[i]n all felony and misdemeanor convictions ... when the defendant has been in custody, including, but not limited to, any time spent in a jail, . . . rehabilitation facility . . . or similar residential institution, all days of custody of the defendant, including days served as a condition of probation in compliance with a court order, and including credited to the period of confinement pursuant to Section 4019 [credit for good behavior], *shall be credit upon his or her term of imprisonment. . . .* (§ 2900.5, subd. (a) [italics added].)
>
> In this instance, however, the trial court was not obligated to calculate and award any further credits for prior custody and treatment in connection with SC133009A because it did not impose a term of imprisonment for violation of probation. Upon revocation of probation in a case where, as here, imposition of sentence was suspended and no sentence was ever imposed, a

9

> court is empowered to "pronounce judgment for any time within the longest period for which the person might have been sentenced." (§ 1203.2, subd. (c); see also Cal. Rule of Court 4.435(b)(1).) Alternatively, a court is also empowered to "terminate the period of probation and discharge the person so held" in the interests of justice when warranted by a probationer's "good conduct and reform." (§ 1203.2, subd. (a).)
>
> Here, the trial court did not pronounce judgment and impose a term of imprisonment. Instead, the record shows the trial court revoked and terminated probation and discharged the defendant, based upon what it characterized as defendant's respectful and courteous demeanor: "The respect that you have shown here says that perhaps after serving what is really a fairly short sentence now, that you might change your lifestyle and perhaps leaving these probations in effect just put[s] all the more burden on your mental state. [¶] At this time, it's the Court's opinion that we relieve that burden. Your probations are terminated and the remaining sentences will be served concurrently with the sentence you are serving on this case. What that means is that when you get out of prison, you don't have any more probation, you have served your sentences. [¶] The only thing you have to worry about is your parole [on the felony petty theft conviction]. . ." The court's decision to terminate probation and discharge defendant is reflected in the report and judgment court minute order in SC133009A regarding the revocation proceeding, which states, "Defendant is released from custody as to this action only."
>
> In sum, because the trial court revoked and terminated defendant's probation in case number SC133009A, and did not impose a term of imprisonment for violation of the conditions of his probation in that case, the trial court was not required to calculate sentencing credits for prior periods of custody or treatment of a custodial nature.

McElveen, 2008 WL 2445499, at **7-8.

The denial of pre-sentence custody credit under California Penal Code section 2900.5 may constitute denial of a state-created liberty interest that is protected by the Due Process Clause. See Robinson v. Marshall, 66 F.3d 249, 250 (9th Cir. 1995). But it is clear that petitioner is not entitled to relief here.

The California Court of Appeal determined that petitioner was not entitled to pre-sentencing custody credits under section 2900.5 because he was not sentenced to a term of imprisonment for his probation violation, thus there was no sentence on which to apply the custody credits. The only term of

10

imprisonment petitioner received was for the petty theft and battery charges, to which the pre-sentencing custody credits at issue could not be attached.  This court is bound by the California Court of Appeal's interpretation of California's pre-sentence custody credit law.  See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (state court's interpretation of state law, including one announced on direct appeal of challenged conviction, binds federal court sitting in habeas corpus).  Petitioner is not entitled to federal habeas relief on his pre-sentence custody credit claim.

## CONCLUSION

After a careful review of the record and pertinent law, the court is satisfied that the petition for a writ of habeas corpus must be DENIED.

The clerk shall enter judgment in favor of respondent and close the file.

SO ORDERED.

DATED:  July 1, 2010

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.09\McElveen, T1.merits.wpd

11